No. DA 06-0150

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 321N

MANUEL REDWOMAN,

      Plaintiff and Appellant,

   v.

RICK DAY, MIKE MAHONEY, CANDICE NEUBAUER,
MYRON BEESON, CATHY REDFERN, LORELIE
HUGHLEY, BEN CHRISTENSON, PAUL LUCIER
and CSC SMATHERS,

      Defendants and Respondents.

APPEAL FROM:    The District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV 00-32,
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Manuel Redwoman, pro se, Shelby, Montana

      For Respondent:

      Brenda E. Thompson, Special Assistant Attorney General,
Helena, Montana

Submitted on Briefs:  September 20, 2006

Decided:  December 7, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Manuel Redwoman (Redwoman) appeals from the order of the Third Judicial District Court, Powell County, granting summary judgment in favor of the Respondents. We affirm.

¶3 This action arises out of a 42 U.S.C. § 1983 claim filed by Redwoman against the Respondents asserting that he was improperly treated while incarcerated at the Montana State Prison. On April 9, 1998, Redwoman entered the Montana State Prison to serve a twenty-year term for mitigated deliberate homicide. Redwoman brought this action, alleging that his constitutional rights had been violated by prison officials with regard to treatment he received following an assault he had allegedly perpetrated upon another inmate. In addition to seeking damages, Redwoman sought injunctive and declaratory relief. The parties each filed motions for summary judgment, and on January 27, 2006, the court issued an order denying Redwoman's motion for summary judgment and granting defendant's cross motion for summary judgment.

¶4 The District Court held that Redwoman had not established the absence of conflict in material facts in support of his claim. The court further concluded that the defendants

2

provided a proper evidentiary basis to show that no genuine issue of material fact existed, and demonstrated that they were entitled to summary judgment as a matter of law. Redwoman appeals from this order.

¶5     On appeal, Redwoman argues that he has been denied both substantive and procedural due process by the defendants in violation of both Montana State Prison policy and Article II, Section 17 of the Montana Constitution. Redwoman also argues that the investigation of the alleged assault was both flawed and mishandled. The Respondents argue that the District Court appropriately denied Redwoman's motion for summary judgment and granted their motion for summary judgment because Redwoman failed to demonstrate the absence of a genuine issue of material fact, and he failed to show that he was entitled to judgment as a matter of law.

¶6     We review a grant of summary judgment de novo. *Grimsrud v. Hagel*, 2005 MT 194, ¶ 14, 328 Mont. 142, ¶ 14, 119 P.3d 47, ¶ 14 (citation omitted). Our evaluation is the same as that of the trial court. *Grimsrud*, ¶ 14. "'[T]he moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.'" *Grimsrud*, ¶ 14, quoting *Farmers Union Mut. Ins. Co. v. Staples*, 2004 MT 108, ¶ 18, 321 Mont. 99, ¶ 18, 90 P.3d 381, ¶ 18. "If this is accomplished, 'the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist.'" *Grimsrud*, ¶ 14. If the court determines that no genuine issues of fact exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. *Grimsrud*, ¶ 14.

3

¶7     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit; the District Court's grant of summary judgment for the defendants was appropriate as they proved the absence of genuine issues of material fact and that they were entitled to judgment as a matter of law.

¶8     Affirmed.


                                        /S/ JIM RICE


We concur:


/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS